**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donnell BALLARD, Defendant–
Appellant.**

No. 02–6351.

United States Court of Appeals,
Sixth Circuit.

Jan. 27, 2004.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, John Patrick Grant, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, Laura K. Voorhees, Asst. U.S. Attorney, U.S. Attorney's Office, Covington, KY, for Plaintiff–Appellee.

John K. West, McCoy, West, Franklin & Beal, Lexington, KY, Donnell Ballard, Federal Correctional Institution, Glenville, WV, for Defendant–Appellant.

Before KENNEDY, DAUGHTREY, and COLE, Circuit Judges.

### ORDER

This is a direct appeal from a criminal judgment and commitment order. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Donnell Ballard was indicted for distributing cocaine base. The case proceeded to a jury trial, after which Ballard was found guilty of possession with intent to distribute more than fifty grams of cocaine base and possession with intent to distribute cocaine base, both in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Ballard to a 188–month term of imprisonment and a five-year period of supervised release. This appeal followed.

On November 7, 2001, police officers executed a search warrant at Ballard's residence on Greenup Street in Covington, Kentucky. Ballard and four other individuals were inside the house. The officers entered and discovered 1.126 grams of cocaine base packaged in the remnants of eight separate plastic sandwich bags. The search of Ballard and the residence also uncovered boxes of plastic sandwich bags, scales, loaded ammunition magazines, a cell phone registered to Ballard and the keys to the front door.

Following the execution of the warrant on Ballard's residence, some of the officers proceeded a few blocks to the apartment building of Ballard's estranged wife. The officers had previously observed Ballard and a confidential informant conduct a portion of a controlled drug purchase at the apartment building. The officers requested and received permission from Ballard's wife to search her apartment and around the yard of the apartment building. The officers found plastic sandwich bags in the apartment similar to those found in Ballard's residence. The officers also found a garment bag and a plastic bag under a pile of brush in the back yard of the apartment building. The garment bag contained two semiautomatic rifles that accepted the ammunition magazines found in Ballard's residence. The plastic bag contained a scale in a cell phone box and 78.805 grams of

cocaine base. The serial numbers on the cell phone box matched the serial numbers of Ballard's cell phone. The garment bag, and matching luggage in the apartment, belonged to Ballard.

The United States had previously given notice to Ballard that it intended to introduce evidence under Fed.R.Evid. 404(b) that he sold cocaine base to a confidential informant on November 5, 2001, that is, two days before officers executed the search warrant for Ballard's residence. At trial, this evidence was introduced through the testimony of the officers who set up the controlled purchase of cocaine base. The officers testified that on November 5, 2001, they equipped their informant with an audio transmitter and observed him meeting with Ballard in front of Ballard's Greenup Street residence. The informant was seen entering, then exiting, Ballard's residence with Ballard and then walking together to the back yard of the apartment building in which Ballard's estranged wife lived. The officers monitored the informant's conversation with Ballard and, upon the informant's return, he turned over to the officers a quantity of cocaine base he had purchased from Ballard. The court subsequently charged the jury to consider this testimony only as it tended to prove, or disprove, Ballard's knowledge, intent and opportunity to commit the crimes for which he was on trial. The jury heard the foregoing evidence and returned a verdict of guilty on both counts of the indictment.

■ Counsel brings two issues for appellate review. Counsel first argues that the district court erred in admitting into evidence under Fed.R.Evid. 404(b) testimony of Ballard's sale of cocaine base to a confidential informant. Rule 404(b) provides, in relevant part, that evidence of other crimes is not generally admissible to prove the character of a person in order to show he acted in conformity with those crimes. The evidence may, however, be admissible for other purposes, such as proof of opportunity, intent, or knowledge.

Counsel for Ballard specifically contends that, in the absence of the confidential informant's own testimony, there was insufficient evidence to support a finding that the sale of cocaine base actually took place. This finding is reviewed for clear error. *United States v. Gold Unlimited, Inc.*, 177 F.3d 472, 488 (6th Cir.1999). A finding of fact is clearly erroneous when, although there may be some evidence to support the finding, the "reviewing court is left with the definite and firm conviction that a mistake has been committed." *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 341 (6th Cir.1997). There is ample evidence of the transaction having taken place exactly as described and, in any event, there is certainly sufficient evidence to negate the suggestion that a mistake was committed in this regard. This court has held that a defendant's past experience with the sale of cocaine base is relevant to a charge to distribute where, as in the case at bar, there may be an issue of knowledge or intent. *See, e.g., United States v. Harris*, 293 F.3d 970, 976 (6th Cir.2002). Finally, this court reviews a decision to admit evidence despite its possible prejudicial effect in the light most favorable to the prosecution, maximizing the potential value of the evidence and minimizing the possible prejudice to the defendant. *United States v. Bartholomew*, 310 F.3d 912, 921 (6th Cir.2002) (Rule 403) (citing *United States v. Logan*, 250 F.3d 350, 368 (6th Cir.), *cert. denied*, 534 U.S. 895, 122 S.Ct. 216, 151 L.Ed.2d 154, *and cert. denied*, 534 U.S. 997, 122 S.Ct. 468, 151 L.Ed.2d 384 (2001)). Using this standard of review, the decision to admit evidence of a sale of cocaine base by Ballard,

a sale that took place at Ballard's residence two days before his arrest, cannot be said to have been an abuse of discretion.

■ The second appellate issue is that neither count of conviction is supported by sufficient evidence. This court's task, in this context, is to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir.2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). One claiming insufficiency of the evidence bears a heavy burden. *United States v. Warwick*, 167 F.3d 965, 971 (6th Cir.1999).

Ballard failed to bear his "heavy burden" to show that his conviction was not supported by sufficient evidence. The testimony detailed above, taken in the light most favorable to the prosecution, shows that Ballard had the knowledge and intent to sell cocaine base and that he was in possession and control of two separate quantities of cocaine base and other drug paraphernalia. This claim lacks merit.

Accordingly, the district court's judgment is affirmed.